# United States District Court
# Eastern District of California

| | |
|---|---|
| LAMAR WHATLEY,<br>            Petitioner,<br>   v.<br>MIKE EVANS, Warden,<br>            Respondent. | CIV S-09-2105 TJH<br><br>Order |

      In August, 2004, Petitioner, under the influence of alcohol, was speeding on the freeway. He struck another vehicle, disabling it and his own vehicle, causing a chain reaction, which ultimately involved seven vehicles. Multiple injuries ensued and one person died.

      A jury convicted Petitioner of gross vehicular manslaughter while intoxicated, and other offenses and enhancements. The court sentenced Petitioner to a twelve-year, four-month term in state prison. The California Court of Appeal affirmed the judgment on direct appeal, and the California Supreme Court denied review. Petitioner's state *habeas* petitions were denied. Petitioner, now, seeks federal *habeas* relief on the

following grounds: (1) Ineffective assistance of counsel; (2) The trial court exceeded its jurisdiction when it sentenced Petitioner to an aggravated term of ten years; and (3) Evidence presented at trial was insufficient to sustain the jury's guilty verdict.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal court may grant *habeas* relief if a state court adjudication resulted in a decision that was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Petitioner first claims that trial counsel rendered ineffective assistance of counsel when it excluded evidence of the California Highway Patrol ("CHP") manual. To demonstrate ineffective assistance of counsel, a petitioner must demonstrate that the attorney's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). Deficiency can only be established if a petitioner can demonstrate that counsel's errors were so serious as to deprive the defendant a fair trial. *Strickland*, 466 U.S. at 687. A showing of prejudice requires that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In addition, to succeed on a claim of ineffective assistance of counsel, a petitioner must show there is a "reasonable probability" that, but for counsel's unprofessional errors, the result would have been different." *Strickland*, 466 U.S. at 694. Further, there is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than neglect. *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 790, 178 L. Ed. 2d 624, 645 (2011). *Habeas* courts may neither engage in "*post hoc* rationalization" of counsel's decision-making nor may they insist that counsel confirm every aspect of the strategic basis for his or her actions. *Richter*, 131 S. Ct. at 790.

Petitioner fails to show that trial counsel's motion to bar any reference to the CHP manual prevented him from receiving a fair trial or that the counsel's

representation was objectively unreasonable. Specifically, Petitioner alleges that such exclusion of evidence effectively surrendered his defense to the prosecution, since the manual distinguished between two different types of collisions: chain reaction colli-sions and stabilized situations. Although Petitioner claims that the collisions were stabilized situations, an officer expert testified at trial that the collisions were chain reaction collisions, and, then, followed by additional, non chain-reaction collisions. Because the admission of the CHP manual would not have supported Petitioner's defense, trial counsel's decision constitutes a permissible trial tactic, not gross incompetence. Even if counsel's conduct could be considered objectively unreasonable, Petitioner has not shown that, but for counsel's conduct, he would have succeeded on the admission of evidence. Thus, trial counsel's conduct was objectively reasonable and Petitioner's claim fails.

Petitioner claims that the state court violated his Sixth Amendment rights by applying an aggravating factor to Petitioner's sentence, since the court relied on a fact neither found by the jury nor admitted by defendant to impose that sentence. Other than a prior conviction, any fact that increases penalty for crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435, 455 (2000). The state court sentenced Petitioner for the upper term of 10 years for the manslaughter conviction because of Petitioner's subsequent conduct, namely his misdemeanor conviction that occurred approximately eight to nine months after the original offense for driving under the influence of alcohol. The court, then, imposed an effective consecutive term of two years, four months, for count two, but stated no reason for doing so.

Regarding the upper term sentencing as a result of conduct subsequent to the original conviction, Petitioner cites no authority to support his assertion that a "prior conviction" only encompasses those convictions entered *before commission* of the currently charged offense, and not those convictions that occurred before *the time*

*sentence is imposed* on the currently charged offense. Even if his subsequent conduct could not be considered a "prior conviction," the judicial record shows that, in addition to Petitioner's current convictions, Petitioner had three convictions for driving with a suspended license, all of which occurred before this case. Thus, the imposition of the upper term for manslaughter did not violate Petitioner's rights.

Also, the consecutive term of two years for driving under the influence with injury was permissible. The state court imposed the enhanced sentence, pursuant to California Vehicle Code Section 23558, which provides that "[t]he enhanced sentence provided for … shall not be imposed unless the fact of the bodily injury to each additional victim is charged in the accusatory pleading and admitted or found to be true by the trier of fact. The maximum number of one year enhancements that may be imposed pursuant to this section is three." The fact of the bodily injury to each additional victim was found to be true by the jury. Because these facts were actually tried and determined by the jury, the consecutive term does not run afoul of *Apprendi*. Accordingly, Petitioner's claim fails.

Petitioner claims that the evidence was insufficient to sustain a guilty verdict. A federal court reviews challenges to the sufficiency of evidence by determining whether, in viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Lewis v. Jeffers*, 497 U.S. 764, 781, 110 S. Ct. 3092, 3102-3, 111 L. Ed. 2d 606, 624 (1990). In cases where the evidence is unclear or would support conflicting inferences, a federal court "must presume – even if it does not affirmatively appear in the record – that the trier of fact resolves any such conflict in the favor of the prosecution and must defer to that resolution." *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992). Whether a federal court would agree with the state court finding is irrelevant. Petitioner argues that the exclusion of the CHP manual constitutes insufficiency of evidence to sustain his guilty verdict for manslaughter. Whether the type of collision in this case fell into the category of either a chain reaction collision or a sustained situation was a decision for

1  the jury. Further, Petitioner has not shown that such an inference is constitutionally
2  impermissible. Thus, Petitioner's claim fails.

4  **It is Ordered** that the petition for writ of *habeas corpus* be, and hereby is,
5  **Denied**.

7  Date:  December 20, 2012

_____

**Terry J. Hatter, Jr.**
**Senior United States District Judge**